**CT Corporation**

**Service of Process Transmittal**
02/04/2022
CT Log Number 541003426

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in Georgia**

**FOR:**  WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WELDON BETTY // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate(s), Request(s) |
| **COURT/AGENCY:** | Bulloch County - Superior Court, GA<br>Case # SUCV2022000006 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/06/2020, Walmart Neighborhood Market located at 349 Bampton Avenue, Statesboro, GA, 30458 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/04/2022 at 13:27 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Matthew Grossman<br>Farah & Farah, P.A.<br>10 W Adams St.<br>Jacksonville, FL 32202<br>904-515-6205 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/04/2022, Expected Purge Date: 02/09/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

**SHERIFF'S ENTRY OF SERVICE**

CIVIL ACTION NO. SUCV 2022000006

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR - COURT
FORSYTH COUNTY, GEORGIA

DATE FILED   1 / 12 / 22

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Ledi Weldon

_____
PLAINTIFF(S)
VS.

Walmart Inc.
_____
DEFENDANT(S)

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Walmart Inc
106 Colony Park Dr 800B
Cumming, GA 30040

_____
GARNISHEE

Other attached documents to be served:
_____

**SHERIFF'S ENTRY OF SERVICE**

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**  Upon the following named defendant: _____

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____pounds; approximate height_____feet and _____inches, domiciled at residence of the defendant.

[✓] **CORPORATION** Upon corporation _____ City Company _____
By serving _____ Attlee Walker _____, in charge of the office and
place of business of the corporation in this county.

By serving _____, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

This _____ day of FEB _____, 20 22.

_____
Deputy

SHERIFF DOCKET _____ PAGE _____

EXHIBIT "A"

# BRADLEY, SEABURN & ASSOCIATES
## Private Investigations
### Civil Process
*Please note our new address*
**PO BOX 61001**
**5455 Verna Blvd**
**Jacksonville, FL 32236**
**(904) 888-0098**

TO:          Forsyth County Sheriff's Office -Civil Process

FROM:      Corina – jbacorina@gmail.com

SUBJECT:   Request for Service of Process
            **SUCV2022000006**

Enclosed for service please find the following:

Please make sure all docs are listed on the return of service :)

Two copies of the summons and one complaint, certificate of discovery material, request for admissions, request for production and interrogatories to be served on:

> Walmart Inc
> The Corporation Company
> 106 Colony Pak D, Ste 800-B
> Cumming, GA  30040

Our check in the amount of $50.00 for service.

Kindly serve the enclosed at your earliest convenience and mail me your return of service with the enclosed self-addressed envelope which is included.Thank you in advance for your assistance, and if you have any questions, please do not hesitate to contact me.

EXHIBIT "A"

# BRADLEY, SEABURY & ASSOCIATES

## Private Investigations
### Civil Process
*Please note our new address*
PO BOX 61001
5455 Verna Blvd
Jacksonville, FL 32236
(904) 888-0098

TO:        Forsyth County Sheriff's Office- Civil Process

FROM:      Corina – jbacorina@gmail.com

SUBJECT:   Request for Service of Process
           SUCVA2022000006

Enclosed for service please find the following:

Please make sure all docs are listed on the return of service :)

Two copies of the summons and one complaint, certificate of discovery material,
request for admissions, request for production and interrogatories to be served on:

        Walmart Inc.
        The Corporation Company
        30 Corporate Park D Ste 800 E
        Cumming, GA 30040

Our check in the amount of $50.00 for service

Kindly serve the enclosed at your earliest convenience and mail me your return
of service with the enclosed self-addressed envelope which is included.Thank
you in advance for your assistance, and if you have any questions, please do not
hesitate to contact me.

EXHIBIT "A"

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

🔔 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

## SUCV2022000006

**JAN 12, 2022 04:03 PM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000006

Weldon, Betty

**PLAINTIFF**

VS.

Walmart, Inc

**DEFENDANT**

## SUMMONS

TO: WALMART, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Grossman**
**Farah & Farah**
**10W Adams St.**
**Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of January, 2022.**

Clerk of Superior Court

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000006**

JAN 12, 2022 04:03 PM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000006

Weldon, Betty
_____

**PLAINTIFF**

**VS.**

Walmart, Inc
_____

**DEFENDANT**

## SUMMONS

TO: WALMART, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Grossman**
> **Farah & Farah**
> **10W Adams St.**
> **Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of January, 2022.**

Clerk of Superior Court

*Heather Banks McNeal*

Heather Banks McNeal, Clerk
Bulloch County, Georgia

EXHIBIT "A"

EFILED IN C
CLERK OF SUPERIO
BULLOCH COUNTY,
**SUCV2022(**

JAN 12, 2022 0

Heather Banks
Bulloch County,

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY WELDON, | CIVIL ACTION |
| Plaintiff, | FILE NO.:_____ |
| v. | |
| WALMART Inc, foreign for profit corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES the Plaintiff, BETTY WELDON, and for her Complaint against Defendant, WALMART Inc, states as follows:

1.

Plaintiff, BETTY WELDON, voluntarily submits to the jurisdiction of this Court.

2.

Defendant, WALMART Inc, d/b/a Walmart Neighborhood Market, is a foreign profit corporation with a principal address of 708 SW 8th Street, Bentonville, AR  72716, USA. Defendant, WALMART Inc, may be served with a copy of the summons and complaint in this matter by delivery of same to its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794, 31525, USA.

3.

Defendant, WALMART Inc, owned the property at 349 Bampton Avenue, Statesboro, GA 30458, also known as the Walmart Neighborhood Market.

EXHIBIT "A"

4.

Venue and jurisdiction are proper in this Court.

## FACTUAL ALLEGATIONS

5.

On or about November 6, 2020, Plaintiff, BETTY WELDON, was a business invitee at the Walmart Neighborhood Market, located at 349 Bampton Avenue, Statesboro, GA 30458. This store is owned and operated by Defendant, WALMART INC..

6.

On that date, at approximately 7:00AM, in the produce department, while an invitee in that building, Plaintiff slipped in a transitory foreign substance that was on the floor, falling to the ground as a result of slipping in the transitory foreign substance.

7.

Plaintiff, at all times pertinent to this Complaint, exercised due care for her own safety.

## COUNT I
## NEGLIGENCE

Plaintiff realleges and incorporates by reference Paragraphs 5 to 7 as if fully set forth herein and would further state:

8.

At the time and place described above, Defendant maintained, owned and/or controlled the Walmart Neighborhood Market.

[2]

EXHIBIT "A"

9.

At all times material hereto, Defendant as maintainer, owner, and/or controller of the subject property, had a duty to maintain the premises, in a reasonably safe condition.

10.

Defendant had actual or constructive notice of the existence of this aforesaid transitory foreign substance on the floor of its store and should have taken steps to remedy the condition or warn plaintiff of its existence. It did neither. Defendant was on constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

(a)  The dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of the condition; or

(b)  The condition, to wit, a transitory substance on the floor of this store, occurred with regularity and was therefore foreseeable; or

(c)  The dangerous condition was caused by Defendant and/or one of Defendant's employees while said employee was acting within the course and scope of their employment with Defendant.

11.

Defendant breached its aforesaid duties to Plaintiff by allowing this unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

12.

As a direct and proximate result of the aforementioned negligence, Plaintiff was injured in and about her body and extremities, which resulted in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation and/or activation of pre-

[3]

EXHIBIT "A"

existing condition or physical defects, and loss of capacity for the enjoyment of life, all of which are continuing and are permanent in nature, past and future medical and related expenses, loss of earnings and/or loss of ability to earn monies in the past and permanent impairment of his future ability to earn income.

WHEREFORE, Plaintiff prays for the following:

a)    Trial by jury; and

b)    Judgement for all recoverable damages in her favor against Defendant in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury; and

c)    All attorney's fees and costs of Court to be cast against Defendant; and

d)    Such other relief as this Court deems just and equitable.


**Farah & Farah, P.A.**

Matthew J. Grossman, Esq.
Georgia Bar No. 421625
*Attorney for Plaintiff*

10 West Adams Street
Jacksonville, FL  32202
904.515-6205
mgrossman@farahandfarah.com
ldubberly@farahandfarah.com

EXHIBIT "A"

⬛ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000006**
B

**MAR 01, 2022 03:23 PM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY WELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUV2022000006 |
| WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Walmart, Inc., and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against Defendant upon which relief may be granted.

### Second Defense

Defendant shows that Walmart, Inc. was not involved in the day-to-day operation of the Walmart store at issue.  While Defendant denies liability, Defendant states that Wal-Mart Stores East, LP was the entity involved in the day-to-day operation of the Walmart store at issue. Defendant requests that Plaintiff voluntarily dismiss Walmart, Inc.

### Third Defense

Pending additional investigation and discovery, Defendant asserts the applicability of Georgia's Apportionment Statute as it may relate to the parties to the case.

EXHIBIT "A"

## Fourth Defense

Pending additional investigation and discovery, Defendant asserts causation defenses as to Plaintiff's damages.

## Fifth Defense

Pending further investigation and discovery, Defendant denies that Defendant or its agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## Sixth Defense

Defendant breached no duty owed to Plaintiff.

## Seventh Defense

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

## Eighth Defense

Pending further investigation and discovery, Defendant preserves defenses of contributory and comparative negligence to the extent discovery shows support for such defenses.

## Ninth Defense

Plaintiff failed to exercise ordinary care for her own safety.

## Tenth Defense

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

### Eleventh Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Twelfth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case.

### Thirteenth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Fourteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

## PARTIES AND JURSIDICTION

1.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

2.      Defendant admits that it is a foreign corporation but incorporates its Second Defense.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint and incorporates its Second Defense.

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint subject to its Second Defense.

EXHIBIT "A"

## FACTUAL ALLEGATIONS

5.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.   Defendant incorporates its Second Defense.

6.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

7.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

## COUNT I
## NEGLIGENCE

Defendant realleges and incorporates its responses to Paragraphs 1 – 7 of Plaintiff's Complaint as if fully rewritten herein.

8.  Defendant incorporates its Second Defense and the allegations in this Paragraph are denied as pled.

9.  Duties are set by law and the allegations contained in paragraph 9 of Plaintiff's complaint are denied as pled.

10.  The allegations contained in Paragraph 10, and the subparts thereto, of Plaintiff's Complaint are denied

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.  Denied as pled.

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that they be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 1st day of March, 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Ann H. Searcy*

_____

Leslie P. Becknell
Georgia Bar No.046320
Ann H. Searcy
Georgia Bar No. 633302
*Attorneys for Defendant*

777 Gloucester Street, Suite 305
Brunswick, Georgia  31520
(912) 280-9662
LBecknell@deflaw.com
sercya@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, and statutory electronic service via filing in Peach Court a true and correct copy of the foregoing ***Answer and Defenses to Plaintiff's Complaint*** to the following counsel of record, addressed as follows:

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

This  1st day of March, 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Ann H. Searcy*_____
Ann H. Searcy
Georgia Bar No. 633302
*Attorneys for Defendant*

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 280-9662
searcya@deflaw.com

EXHIBIT "A"

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000006**
B
**MAR 03, 2022 11:23 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY WELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUV2022000006 |
| WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

### CONSENT MOTION FOR THE SUBSTITUTION
### OF A PARTY-DEFENDANT

COME NOW the parties in the above-captioned case, by and through undersigned counsel, and file this Consent Motion to substitute Wal-Mart Stores East LP as the Defendant in this action pursuant to O.C.G.A. § 9-11-15, and to dismiss "Wal-Mart Inc." pursuant to O.C.G.A. § 9-11-41 and show this Court as follows:

1.      The Complaint in this action was filed on January 12, 2022.  Said Complaint named "Walmart, Inc." as a party-Defendant in this action.

2.      "Walmart, Inc." is not the correct party.

3.      Wal-Mart, Inc. was served with a copy of the Summons and Complaint in this action, through its registered agent at The Corporation Company (FL) in Cumming, GA on February 4, 2022, and timely answered the Complaint on March 1, 2022.

4.      Walmart Inc. is not the correct corporate entity and does not own, manage, or operate the store at issue.  Counsel for the Defendant has indicated that the correct corporate party-Defendant is Wal-Mart Stores East LP.

5.      Plaintiff and Defendant agree and request that "Walmart, Inc." should be dropped from this matter and Wal-Mart Stores East LP should be substituted and added as the proper Defendant.

EXHIBIT "A"

Walmart Inc. and Walmart Stores East LP do not admit liability by virtue of this substitution and preserve all defenses available to them in this action.

6.      By and through undersigned counsel, Wal-Mart Stores East, LP hereby waives issuance of a summons and acknowledges service of process of Plaintiff's Complaint, but does not waive any other defenses.   Plaintiff and Defendant stipulate and agree that the *Answer and Defenses to Plaintiff's Complaint* of Wal-Mart Inc. previously filed with the Court shall now serve as the Answer and Defenses for Wal-Mart Stores East LP and the parties stipulate that no further Answer or verification shall be required on behalf of Wal-Mart Stores East LP.

7.      The parties further request that the Court issue an order that "Walmart, Inc." is dismissed without prejudice as Defendant in this action pursuant to O.C.G.A. § 9-11- 41, that the case proceed against Wal-Mart Stores East LP and that the style of the case be amended to reflect the substitution.

8.      The parties submit a proposed Order for the Court's review and consideration.

This 3rd day of March, 2022.

                                        _/s/ Matthew J. Grossman_
                                        Matthew J. Grossman
                                        Georgia Bar No. 421625
                                        *[signed w/ express permission]*
                                        *Attorney for Plaintiff*

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

*[Signatures continued on following page.]*

- 2 -

EXHIBIT "A"

**DREW ECKL & FARNHAM, LLP**

 /s/ Ann H. Searcy
Leslie P. Becknell
Georgia Bar No.  046320
Ann H. Searcy
Georgia Bar No.  633302
*Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, GA 31520
912-280-0654
LBecknell@deflaw.com
searcya@deflaw.com

EXHIBIT "A"

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing *Consent Motion for the Substitution of a Party Defendant and Proposed Order* electronically through Odyssey e-file system to the following counsel of record addressed as follows:

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

This 3rd day of March, 2022.

**DREW ECKL & FARNHAM, LLP**

 _/s/ Ann H. Searcy_____
Leslie P. Becknell
Georgia Bar No.  046320
Ann H. Searcy
Georgia Bar No.  633302
*Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, GA 31520
912-280-0654
LBecknell@deflaw.com
searcya@deflaw.com

- 4 -

<span style="color:red">EXHIBIT "A"</span>

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY WELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUV202200006 |
| WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## **<u>PROPOSED CONSENT CONFIDENTIALITY ORDER</u>**

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1.     This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

2.     Confidential Material, as used in this Order, consists of the following materials and categories of materials:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Georgia Civil Practice Act and any applicable case law interpreting Georgia Civil Practice Act; contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

Page 1

b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, other strategic sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3.     If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

4.     The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

5.     To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such

copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO

EXHIBIT "A"

CONFIDENTIALITY ORDER"" legend to the designated pages and segregate them as appropriate.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

6.      Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "Highly Confidential – Attorneys' Eyes Only " shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each, as well as the Court and its staff. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to

this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

7.      The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information) (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people, within documents that contain relevant information.

8.      Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

9.      The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

EXHIBIT "A"

10.     Nothing in this Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall promptly attempt to resolve the dispute with the designating party's counsel, and if the parties are unable to resolve the dispute, then within thirty days of impasse, the designating party shall file a motion for protective order seeking a determination of whether the material in dispute should maintain its confidential designation. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

11.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

12.     Confidential Material may only be filed in the record of the case under seal in a manner prescribed by the Court for such filings.

13.     In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 12 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THE COURT OR THOSE ATTORNEYS.

EXHIBIT "A"

14.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

15.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential

EXHIBIT "A"

Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16.    In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

17.    The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

18.    This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

**IT IS SO ORDERED**

Dated: _____, 2022          _____
                                        Judge, Superior Court of Bulloch County

**CONSENTED TO BY:**

Respectfully submitted, this ___22nd___ day of March, 2022.

_____
Matthew J. Grossman
Georgia Bar No. 459090

Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

*[signatures continued on following page]*

Page 8

**DREW ECKL & FARNHAM, LLP**

*/s/ Leslie P. Becknell*
Leslie P. Becknell
Georgia Bar No. 046320
Ann H. Searcy
Georgia Bar No.: 633302
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
becknelll@deflaw.com
searcya@deflaw.com

EXHIBIT "A"

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

BETTY WELDON,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CIVIL ACTION
                                     )        FILE NO. SUV202200006
WALMART, INC                         )
                                     )
        Defendants.                  )

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, a true and correct copy of the foregoing *Proposed Consent Confidentiality Order* to the following counsel of record, addressed as follows:

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

This  22nd  day of March, 2022.

**DREW, ECKL & FARNHAM, LLP**

*Ann H. Searcy*
_____
Leslie P. Becknell
Georgia Bar No. 046320
Ann H. Searcy
Georgia Bar No. 633302
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
lbecknell@deflaw.com
searcya@deflaw.com

Page 10

EXHIBIT "A"

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000006**
B
**APR 27, 2022 05:52 PM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY WELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUV202200006 |
| WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE PURSUANT TO UNIFORM STATE COURT RULE 5.2

Defendants by and through the undersigned counsel, files this Certificate pursuant to Uniform State Court Rule 5.2 and shows that opposing counsel was duly served with a copy of the following:

1. **Non-Party Request for Production of Documents to Abercorn Rehabilitation Center.**

2. **Non-Party Request for Production of Documents to American Health Imaging.**

3. **Non-Party Request for Production of Documents to Candler County Hospital.**

4. **Non-Party Request for Production of Documents to CP Healthcare.**

5. **Non-Party Request for Production of Documents to Injury Pharmcy Solutions.**

6. **Non-Party Request for Production of Documents to Jacksonville Beach Surgery Center.**

7. **Non-Party Request for Production of Documents to NE Georgia Health System.**

8. **Non-Party Request for Production of Documents to Precision Spine and Joint.**

9. **Non-Party Request for Production of Documents to Pooler Imaging.**

EXHIBIT "A"

10.    **Non-Party Request for Production of Documents to Central Georgia Rehab.**

11.    **Non-Party Request for Production of Documents to Touchton Surgery Center.**

12.    **Non-Party Request for Production of Documents to Allegiant Anesthesia.**

13.    **Non-Party Request for Production of Documents to St. Joseph Hospital.**

14.    **Non-Party Request for Production of Documents to Candler Hospital.**

15.    **Non-Party Request for Production of Documents to Gainesville Hospital GA.**

16.    **Non-Party Request for Production of Documents to Neurological Spine and Institute.**

I further certify that I have simultaneously served all counsel with a copy of this Certificate of Service of Discovery by depositing a copy of same in the United States Mail, with sufficient postage affixed thereon to assure delivery, addressed to:

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

This 27th day of April 2022.

DREW, ECKL & FARNHAM, LLP

/s/ Ann H.Searcy
Leslie P. Becknell
Georgia Bar No. 046320
Ann H. Searcy
Georgia Bar No. 633302
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
lbecknell@deflaw.com
searcya@deflaw.com

## IN THE SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

**BETTY WELDON,**

    **Plaintiff,**

**v.**
                                **CIVIL ACTION**
                                **FILE NO. SUCV2022000006**

**WALMART Inc, foreign for profit corporation,**

    **Defendant.**
                                **JURY TRIAL DEMANDED**

---

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

This is to certify that pursuant to U.S.C.R. 5.2, I have served counsel of all parties in the above-referenced matter with copies of the following:

1. *Plaintiff's Response to Defendant's First Interrogatories*
2. *Plaintiff's Response to Defendant's Request for Production.*
3. *A copy of this Rule 5.2 Certificate of Service of Discovery Materials;*

by depositing same in the United States Mail, postage prepaid and properly addressed and emailed as follows:

This _19th_ day of _April_, 2022.

                             Respectfully submitted,

                             Matthew J. Grossman, Esq.
                             Georgia State Bar No.: 421625
                             10 West Adams Street
                             Jacksonville, FL  32202
                             T:  904-515-6205
                             E: mgrossman@farahandfarah.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on Defendant as required by the Georgia Civil Practice Act.

This ___19ᵗʰ___ day of ___April___, 2022.

Respectfully submitted,

Matthew J. Grossman, Esq.
Georgia State Bar No.: 421625
10 West Adams Street
Jacksonville, FL 32202
T: 904-515-6205
E: mgrossman@farahandfarah.com

2

EXHIBIT "A"

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY WELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUV202200006 |
| WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## **PROPOSED CONSENT CONFIDENTIALITY ORDER**

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1.      This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

2.      Confidential Material, as used in this Order, consists of the following materials and categories of materials:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Georgia Civil Practice Act and any applicable case law interpreting Georgia Civil Practice Act; contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

Page 1

EXHIBIT "A"

b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, other strategic sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3.    If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

4.    The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

5.    To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such

Page 2

copies shall become subject to the same protections as the Confidential Material from which those copies were made.

      a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

      b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO

EXHIBIT "A"

CONFIDENTIALITY ORDER"" legend to the designated pages and segregate them as appropriate.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

6.      Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "Highly Confidential – Attorneys' Eyes Only " shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each, as well as the Court and its staff. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to

EXHIBIT "A"

this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

7.      The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information) (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people, within documents that contain relevant information.

8.      Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

9.      The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

10.    Nothing in this Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall promptly attempt to resolve the dispute with the designating party's counsel, and if the parties are unable to resolve the dispute, then within thirty days of impasse, the designating party shall file a motion for protective order seeking a determination of whether the material in dispute should maintain its confidential designation. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

12.    Confidential Material may only be filed in the record of the case under seal in a manner prescribed by the Court for such filings.

13.    In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 12 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THE COURT OR THOSE ATTORNEYS.

EXHIBIT "A"

14.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

15.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential

EXHIBIT "A"

Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

17.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

18.     This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

**IT IS SO ORDERED**

Dated: May 4th, 2022

_____
Judge, Superior Court of Bulloch County

Lovett Bennett, Jr., Judge

**CONSENTED TO BY:**

Respectfully submitted, this 22nd day of March, 2022.

_____
Matthew J. Grossman
Georgia Bar No. 459090

Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

*[signatures continued on following page]*

Page 8

**DREW ECKL & FARNHAM, LLP**

*/s/ Leslie P. Becknell*
Leslie P. Becknell
Georgia Bar No. 046320
Ann H. Searcy
Georgia Bar No.: 633302
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA 31520
(912) 280-9662
becknelll@deflaw.com
searcya@deflaw.com

Page 9

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

BETTY WELDON,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CIVIL ACTION
                                        )        FILE NO. SUV202200006
WALMART, INC                            )
                                        )
        Defendants.                     )

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, a true and correct copy of the foregoing *Proposed Consent Confidentiality Order* to the following counsel of record, addressed as follows:

Matthew J. Grossman
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, Florida 32202
mgrossman@farahandfarah.com

This  22nd  day of March, 2022.

                        **DREW, ECKL & FARNHAM, LLP**

                        *Ann H. Searcy*

                        Leslie P. Becknell
                        Georgia Bar No. 046320
                        Ann H. Searcy
                        Georgia Bar No. 633302
                        *Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
lbecknell@deflaw.com
searcya@deflaw.com

Page 10

EXHIBIT "A"